**Davis Polk**

Antonio J. Perez-Marques
+1 212 450 4559
antonio.perez@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

March 24, 2024

The Honorable Nicholas G. Garaufis
United States District Court for the Eastern District of New York
United States Courthouse
Room 1426 S
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Laurenzi v. dLocal Ltd., et al.*, No. 1:23-cv-07501-NGG-JRC (E.D.N.Y.)

Dear Judge Garaufis:

We represent defendants dLocal Limited ("dLocal" or the "Company") and Martin Escobari (collectively, "Defendants") in the above-captioned matter.  We write to apprise the Court of certain supplemental authority relevant to Defendants' pending Motion to Dismiss the Amended Class Action Complaint (ECF Nos. 50-51).  As explained in Defendants' moving papers, this putative class action follows on an earlier such action, consolidated in the Commercial Division of New York State Supreme Court and captioned *In re DLocal Sec. Litig.*, Index No. 151778/2023 (Sup. Ct. N.Y. Cty.) (the "New York State Action").  As in this case, plaintiffs in the New York State Action asserted, among other things, claims under the Securities Act of 1933 based on alleged misstatements or omissions in dLocal's June 2021 IPO offering materials concerning supposed declines in the Company's "take rates," a non-GAAP measure expressing as a percentage dLocal's revenue as compared to its total payment volume.  (*See, e.g.*, ECF No. 50-1 at 1-2, 4-6, 8.)

On March 19, 2025, the Honorable Andrea Masley issued a Decision and Order (attached hereto as **Exhibit A**) granting dLocal's motion to dismiss the New York State Action in its entirety.  Justice Masley held in relevant part that no well-pled facts supported "a plausible inference that defendants were aware of a decline in take rates prior to the IPO," or that any such decline "would materially impact dLocal's financial condition," and that allegations that Company management "regularly discussed" take rates related to events that "occurred *after* the . . . IPO" and were thus insufficient.  (Exhibit A at 12-13 (emphasis added).)  Defendants respectfully submit that the same logic applies with equal force to the pertinent portions of Plaintiffs' claims in the instant matter, which should likewise be dismissed.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Antonio J. Perez-Marques*

Antonio J. Perez-Marques


Cc: All counsel of record


**Via ECF**

# Exhibit A

Case 1:23-cv-07501-NGG-CHK   Document 55   Filed 03/24/25   Page 3 of 17 PageID #: 950

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-------------------------------------------------------------------------X

IN RE DLOCAL SECURITIES LITIGATION,

                                           Plaintiff,

                       - v -

XXX,

                                      Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151778/2023 |
| MOTION DATE | |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 70, 71
were read on this motion to/for                **DISMISS**

      In motion seq. no. 001, defendants dLocal Limited (dLocal), J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Citigroup Global Markets Inc., Morgan Stanley & Co. LLC, BofA Securities, Inc., HSBC Securities (USA) Inc., UBS Securities LLC (collectively, Underwriter Defendants), Cogency Global Inc., and Colleen A. DeVries (together, Cogency Defendants) (dLocal, Underwriter Defendants, and Cogency Defendants, collectively Moving Defendants) move, pursuant to CPLR (a) (1), (5), and (7), to dismiss the consolidated amended complaint.[1]

---

[1] Plaintiffs also allege a claim for violation of Section 15 of the Securities Act of 1933 against defendants Sebastian Kanovich, Diego Cabrera Canay, Alberto Eduardo Azar, Andres Bzurovski Bay, Sergio Enrique Fogel Kaplan, Luiz O. Ribeiro, Martin Escobari, Tereza Grossi, Jacobo Singer, and Jitendra Gupta (collectively, Individual Defendants).

**151778/2023   ZAPPIA, JOSEPH vs. DLOCAL LIMITED ET AL**
**Motion No. 002**

                                             **Page 1 of 15**

Case 1:23-cv-07501-NGG-CHK    Document 55    Filed 03/24/25    Page 4 of 17 PageID #: 951

For the purposes of this motion to dismiss, the allegations contained in the amended complaint are accepted as true. For a full recital of those allegations, see the amended complaint (NYSCEF 51).

This securities class action is brought on behalf of purchasers of dLocal Class A common stock issued in connection with dLocal's June 2, 2021 initial public offering (IPO). (NYSCEF 51, Amended Complaint [AC] ¶ 1.) Plaintiffs seek to recover damages for violations of Sections 11 and 15 of the Securities Act of 1933 (Securities Act). (*Id.*)

In 2016, defendants Andrés Bzurovski and Sergio Fogel founded dLocal, a payment service provider, which helps "global merchants make and receive payments in emerging markets." (*Id.* ¶¶ 4, 19.) dLocal's revenue is generated through the transaction fees it charges its merchant clients for processing payments. (*Id.* ¶ 5.) On May 5, 2021, dLocal filed a registration statement in connection with the IPO with the U.S. Securities and Exchange Commission (SEC), which was declared effective June 2, 2021 after an amendment. (*Id.* ¶ 2.) On June 4, 2021, dLocal filed a final Prospectus, which was incorporated into the Registration Statement (together, Prospectus and Registration Statement are referred to as Offering Documents). (*Id.*)

Plaintiffs allege that the Offering Documents contained untrue and misleading material statements and material omissions. Specifically, plaintiffs allege that the Offering Documents:

(1) misleadingly portrayed dLocal as a company with "skyrocketing growth," pointing to a key performance indicator - total payment value (TPV) - which dLocal defines as "'the aggregate value of all payments successfully processed through our payments platform'" (*Id.* ¶¶ 6, 8);

**151778/2023   ZAPPIA, JOSEPH vs. DLOCAL LIMITED ET AL**
Motion No. 002

Page 2 of 15

2 of 15

Case 1:23-cv-07501-NGG-CHK Document 55 Filed 03/24/25 Page 5 of 17 PageID #: 952

(2) "reported patently conflicting amounts for [dLocal's] foreign currency risk exposure within two different parts of the Prospectus" (*Id.* ¶ 11); and

(3) failed to disclose dLocal's declining take rates since the second quarter of 2020, including a failure to disclose that the take rates were likely to continue declining "due to the increasing amount of TPV coming from Google and other major clients who used dLocal exclusively or primarily for local-to-local payments with extremely low margins." (*Id.* ¶ 13.)

**Discussion**

Legal Standard

On a CPLR 3211 (a) (1) motion to dismiss, the movant has the "burden of showing that the relied upon documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim." (*Fortis Fin. Servs. v Filmat Futures USA*, 290 AD2d 383, 383 [1st Dept 2002] [internal quotation marks and citation omitted].) "A cause of action may be dismissed under CPLR 3211 (a) (1) only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law." (*Art and Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436, 438 [1st Dept 2014] [internal quotation marks and citation omitted].) "The documents submitted must be explicit and unambiguous." (*Dixon v 105 West 75th St. LLC*, 148 AD3d 623, 626 [1st Dept 2017] [citation omitted].) Their content must be "essentially undeniable." (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019] [internal quotation marks and citation omitted].)

151778/2023 ZAPPIA, JOSEPH vs. DLOCAL LIMITED ET AL          Page 3 of 15
Motion No. 002

3 of 15

Case 1:23-cv-07501-NGG-CHK    Document 55    Filed 03/24/25    Page 6 of 17 PageID #: 953

"On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired. In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff." (*Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011] [internal quotation marks and citations omitted].) Plaintiff's responsive submissions "must be given their most favorable intendment." (*Id.* [internal quotation marks and citations omitted].) "[O]ffering documents are irrefutable documentary evidence of what they say, regardless of the allegations in the complaint." (*Schwartz v Genfit, S.A.*, 212 AD3d 96, 100 [1st Dept 2022] [citations omitted].)

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994].) "[B]are legal conclusions, as well as factual claims which are either inherently incredible or flatly contradicted by documentary evidence" cannot survive a motion to dismiss. (*Summit Solomon & Feldesman v Lacher*, 212 AD2d 487, 487 [1st Dept 1995] [citation omitted].)

Securities Act

The Securities Act was enacted to protect "investors by ensuring that companies issuing securities ... make a full and fair disclosure of information relevant to a public offering." (*Omnicare, Inc. v Laborers Dist. Council Constr. Indus. Pension Fund*, 575 US 175, 178 [2015] [internal quotation marks and citation omitted].) Section 11 of the Securities Act establishes a right to bring suit for material misrepresentations and

151778/2023 ZAPPIA, JOSEPH vs. DLOCAL LIMITED ET AL    Page 4 of 15
Motion No. 002

4 of 15

Case 1:23-cv-07501-NGG-CHK    Document 55    Filed 03/24/25    Page 7 of 17 PageID #: 954

omissions in registration statements. (*Id.* at 179; *see also* 15 USC § 77k [a].) "Section 11 imposes strict liability on issuers and signatories, and negligence liability on underwriters, '[i]n case any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading.'" (*NECA-IBEW Health & Welfare Fund v Goldman Sachs & Co.*, 693 F3d 145, 156 [2d Cir 2012], *cert denied* 568 US 1228 [2013], quoting 15 USC § 77k [a].) Thus, "[i]ssuers are subject to virtually absolute liability under section 11, while the [underwriters] … may be held liable for mere negligence." (*Wachovia Equity Sec. Litig. v Wachovia Corp.*, 753 F Supp 2d 326, 367-368 [SDNY 2011] [internal quotation marks and citation omitted].)

"To state a claim under Section 11, the plaintiff must allege that (1) he purchased a registered security either directly from the issuer or in the aftermarket following the offering; (2) the defendant participated in the offering in a manner specified by the statute; and (3) the registration statement contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading." (*Wachovia Equity Sec. Litig.*, 753 F Supp at 367 [internal quotation marks and citation omitted].) Since scienter, reliance, and loss causation are not elements of a Section 11 claim, unless premised on fraud allegations, the heightened particularity requirement does not apply. (*NECA-IBEW Health & Welfare Fund*, 693 F3d at 156-157.) However, plaintiff must allege "the materiality of the alleged misstatement or omission." (*Wachovia Equity Sec. Litig.*, 753 F at 367 [citation omitted].)

Case 1:23-cv-07501-NGG-CHK    Document 55    Filed 03/24/25    Page 8 of 17 PageID #: 955

Section 15 of the Securities Act imposes liability on individuals or entities that control any person liable under Section 11. (*NECA-IBEW Health & Welfare Fund*, 693 F3d at 156 [internal quotation marks and citation omitted]; *see also* 15 USC § 77o.)[2] Thus, before a plaintiff can "establish control-person liability under Section 15," it "must first demonstrate 'primary' liability under either Section 11." (*Ironworkers Local 580-Joint Funds v Linn Energy, LLC*, 29 F Supp 3d 400, 425 [SDNY 2014] [citation omitted].)

TPV

In the Prospectus, dLocal "described TPV as 'an indicator of the success of our global merchants, the satisfaction of their end users, and the scale and growth of our business.'" (NYSCEF 51, AC ¶ 58; *see also* NYSCEF 60, Form 424B1 at 100[3].) The Prospectus includes a graph showing the TPV for 2018, 2019, and 2020. (*Id.* ¶ 103; *see also* NYSCEF 60, Form 424B1 at 143.) Immediately following the graph, the Prospectus states,

> "[o]ur annual enterprise cohort for the year 2020 (which represents global merchants that during that year surpassed for the first time the US$6 million TPV threshold) had an initial TPV that was over three times the size of our annual cohort for 2018. We believe this demonstrates our ability to scale our new merchant's growth capability year after year. Also, each of the 2018 and 2019 cohorts have significantly grown year after year, which demonstrates our ability to increase our share of wallet of our merchants." (*Id.* ¶ 104; *see also* NYSCEF 60, Form 424B1 at 143.)

Plaintiffs allege that these statements and the chart misleadingly implied that dLocal's annual cohort TPV numbers reflected all "new merchants who began processing with dLocal in a particular year" when, in fact, the numbers did not count new clients "in

---

[2] In addition to the Individual Defendants, plaintiffs allege the Cogency Defendants also violated Section 15.

[3] NYSCEF pagination.

151778/2023   ZAPPIA, JOSEPH vs. DLOCAL LIMITED ET AL
Motion No. 002                                                                                      Page 6 of 15

6 of 15

Case 1:23-cv-07501-NGG-CHK Document 55 Filed 03/24/25 Page 9 of 17 PageID #: 956

cohort figures until the first year that the client surpassed $6 million in TPV." (NYSCEF 51, AC ¶ 10.) Plaintiffs allege that by "[i]mposing this artificial threshold in the Prospectus," dLocal "effectively pulled forward much of the apparent TPV growth into more recent periods." (*Id.*) Plaintiffs further allege that dLocal dropped this "artificial threshold" after the IPO. (*Id.*)

In support of their motion to dismiss, the Moving Defendants argue that the Offering Documents expressly disclosed that the reported TPV figures measured only global merchants that surpassed the $6 million TVP threshold. Plaintiffs admit that defendants disclosed the methodology in the Offering Documents but assert that the Offering Documents were silent about the effects of the $6 million threshold for new merchants, therefore misleading them. Plaintiffs further argue that once the IPO ended, defendants started portraying cohorts by new merchants without the threshold, indicating an attempt to mislead.

The Offering Documents clearly provide that the annual enterprise cohort "represents global merchants that during that year surpassed for the first time the US$6 million TPV threshold." (NYSCEF 60, Form 424B1 at 143.) There is nothing misleading about the chart and this statement. (*See Ironworkers Local 580-Joint Funds v Linn Energy, LLC*, 29 F Supp 3d 400, 426 [SDNY 2014] [finding that it is "not fraudulent for a reporting entity to calculate metrics that are not defined under GAAP," if "the public is told exactly what the company is doing"].) Their assertion that this is a half-truth is without merit. The statement accurately informed plaintiffs of the $6 million threshold and was not misleading. (*Operating Local 649 Annuity Trust Fund v Smith Barney Fund Mgt. LLC*, 595 F3d 86, 92 [2d Cir 2010] [holding that the "veracity of a statement or

151778/2023  ZAPPIA, JOSEPH vs. DLOCAL LIMITED ET AL
Motion No. 002

Page 7 of 15

Case 1:23-cv-07501-NGG-CHK   Document 55   Filed 03/24/25   Page 10 of 17 PageID #: 957

omission is measured not by its literal truth, but by its ability to accurately inform rather than mislead prospective buyers"].)  Further, plaintiffs provide no support for their argument that defendants were required to disclose any effects of applying the $6 million threshold.

Thus, these allegations do not support a claim under Section 11 of the Securities Act.

Foreign Currency Risk Exposure

Plaintiffs allege that the Prospectus contained two conflicting amounts for the dLocal's foreign currency risk exposure.  (NYSCEF 51, AC ¶ 11.)  Specifically, plaintiffs allege that a table on page 107 of the Prospectus, presenting dLocal's exposure to foreign currency risk, lists dLocal's "net monetary position" for 2020 as $45,566,000, including $37,023,000 of "trade and other receivables;" while page F-75 of the Prospectus, contains the same chart listing dLocal's "net monetary position" for 2020 as $49,777,000, with $41,234,000 of "trade and other receivables."  (*Id.* ¶¶ 118-119.)  Thus, there is a $4.2 million discrepancy in the reported foreign currency risk exposure, with no explanation for the conflict.  (*Id.* ¶ 120.)  In a prospectus filed with the SEC on October 21, 2021 for a secondary offering, dLocal reported its "Net monetary position" for 2020 as $49,777,000, with "Trade and other receivables" of $41,234,000, but the company's 2021 annual report, reverted back to the other figure, reporting its 2020 net monetary position as $45,566,000.  (*Id.* ¶¶ 121-122.)  Plaintiffs allege that these conflicting figures "were necessarily false and provided a misleading impression to investors as to the extent of the Company's exposure to fluctuations, instability, and

151778/2023  ZAPPIA, JOSEPH vs. DLOCAL LIMITED ET AL          Page 8 of 15
Motion No. 002

Case 1:23-cv-07501-NGG-CHK    Document 55    Filed 03/24/25    Page 11 of 17 PageID #: 958

other risks inherent in holding substantial amounts of funds in foreign currencies." (*Id.* ¶ 125.)

The Moving Defendants do not deny the conflict. Rather, they assert that (1) this claim is time-barred, (2) no reasonable investor would be misled by conflicting figures, and (3) the conflict is immaterial.

"No action shall be maintained to enforce any liability created under section 11 … unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." (15 USC § 77m.) The Moving Defendants assert that this reporting inconsistency was readily apparent soon after the Offering Documents were filed on June 4, 2021.

"The filing period commences when the plaintiff discovers (or should have discovered) the securities-law violation." (*Fed. Hous. Fin. Agency v Nomura Holding Am., Inc.*, 873 F3d 85, 119 [2d Cir 2017] [internal quotation marks and citation omitted].) A plaintiff discovers a securities-law violation when it has sufficient information to plead the violation with enough detail to survive a motion to dismiss. (*Id.*) "A plaintiff is charged with knowledge of any fact that a reasonably diligent plaintiff would have discovered." (*Id.* [internal quotation marks and citation omitted].)

While the court acknowledges that "[w]hether sufficient facts existed at that time is, by definition, a fact-intensive inquiry, a motion to dismiss will granted where uncontroverted evidence irrefutably demonstrates [that the] plaintiff discovered or should have discovered facts sufficient to adequately plead a claim." (*In re Bear Stearns Mtge. Pass-Through Certificates Litig.*, 851 F Supp 2d 746, 763 [SDNY 2012]

**151778/2023 ZAPPIA, JOSEPH vs. DLOCAL LIMITED ET AL**    Page 9 of 15
Motion No. 002

9 of 15

Case 1:23-cv-07501-NGG-CHK Document 55 Filed 03/24/25 Page 12 of 17 PageID #: 959

[internal quotation marks and citations omitted].) Here, once in receipt of the Offering Documents, plaintiffs should have discovered the conflicting figures. Plaintiffs' claim is based solely on the fact that these figures are conflicting, so once they had that information in 2021, they had all the facts to plead their claim but failed to do so until 2023.[4] The Offering Documents, themselves, contained all the information needed to bring this claim as it is plead.

Further, plaintiffs' argument, relying on *Yi Xiang v Inovalon Holdings, Inc.*, 254 F Supp 3d 635, 641 (SDNY 2017), that they could not have alleged this violation until dLocal's stock price plummeted is unavailing. As stated by the Appellate Division, First Department, "[a]s for section 11, 'a plaintiff need not plead damages under' that section." (*Matter of Dentsply Sirona, Inc.*, 191 AD3d 404, 404 [1st Dept 2021], quoting *NECA-IBEW Health & Welfare Fund v Goldman Sachs & Co.*, 693 at 165.) In *Dentsply*, the plaintiffs also relied on *Yi Xiang v Inovalon Holdings, Inc.* for the same reasons as plaintiffs here, but the First Department declined to apply *Yi Xiang*, stating "to the extent that *Yi Xiang* conflicts with *NECA*, we follow *NECA* as the controlling authority." Thus, plaintiffs' claim based on allegations of false statements about dLocal's Foreign Currency Risk is dismissed as time-barred.

Take Rates

dLocal's take rates are the ratio of dLocal's revenue or gross profit to the TPV for a given period, i.e., "the percentage of TPV earned as revenue or gross profit." (NYSCEF 51, AC ¶¶ 7, 93, 126.) Thus, take rates are "calculated from the revenue,

---

[4] Even if the court measured the time from the publication of the additional materials that contained conflicting figures (2021 secondary prospectus and 2021 annual report), the claim based on these allegations is still time-barred.

Case 1:23-cv-07501-NGG-CHK Document 55 Filed 03/24/25 Page 13 of 17 PageID #: 960

gross profit, and TPV" for a certain reporting period. (*Id.* ¶ 128.) Plaintiffs allege that take rates are "easily calculable" and the "calculations were simple and obvious," yet dLocal failed to disclose them and the trend of decline.[5] (*Id.* ¶¶ 7, 127, 156-169.) Plaintiffs assert that defendants' failure to disclose the ongoing decline trend violated Item 3 and Item 5 of the SEC Form 20-F.

There is no dispute that Item 3 is analogous to Item 105 of SEC Regulation S-K (17 CFR §229.105)[6] and that Item 5 is analogous to Item 303 of Regulation S-K (17 CFR §229.303). Specifically, Item 3(D) requires disclosure of "risk factors that are specific to the company or its industry and make an offering speculative or one of high risk." (SEC Form 20-F.) Item 5(D) requires the identification of "material recent trends in production, sales and inventory, the state of the order book and costs and selling prices since the latest financial year." (*Id.*) Item 5 also requires that the company "discuss, for at least the current financial year, any known trends, uncertainties, demands, commitments or events that are reasonably likely to have a material effect on the company's net sales or revenues, income from continuing operations, profitability, liquidity or capital resources, or that would cause reported financial information not necessarily to be indicative of future operating results or financial condition." (*Id.*; *see also* NYSCEF 51, AC ¶ 158.) "Plaintiffs must demonstrate actual knowledge of an existing trend, event, or risk to allege violations of Section 303 and 105." (*In re HEXO*

---

[5] Plaintiffs allege that dLocal's "take rates had been consistently and substantially declining each quarter since the high-water mark in 2Q20, a year before the IPO," as a result of an increase of the volume of low margin local-to-local payment processing. (Id. ¶¶ 130, 143-155.)

[6] "Effective May 2, 2019, Item 503(c) became Item 105." (*Panther v Jianpu Tech., Inc.*, 2020 US Dist LEXIS 177272, at *19, n 6 [SDNY Sep. 27, 2020] [citation omitted].)

Case 1:23-cv-07501-NGG-CHK    Document 55    Filed 03/24/25    Page 14 of 17 PageID #: 961

*Corp. Sec. Litig.*, 524 F Supp 3d 283, 302 [SDNY 2021] [internal quotation marks and citation omitted]; *see also Jia Tian v Peloton Interactive, Inc.*, 2025 US Dist LEXIS 27280, at *47-48 [EDNY Feb. 14, 2025, No. 23-CV-4279 (MKB)] [holding that "[t]o state a claim under Item 105, an issuer must know, at the time of the filing, about an undisclosed risk factor that could seriously affect its present or future business" (citation omitted)].)[7]  Plaintiff must allege with particularity that that, at the time of the IPO, defendants knew of significant risk factors and trends.  (*In re HEXO Corp. Sec. Litig.*, 524 F Supp 3d at 302.)  "To demonstrate knowledge, a plaintiff must allege facts that raise a 'plausible inference' that the company's management was aware of a trend that would 'materially impact' the company's financial condition."  (*McIntosh v Katapult Holdings, Inc.*, 2023 US Dist LEXIS 138589, at *23-24 [SDNY Aug. 8, 2023, No. 21-CV-7251 (JPO) [internal quotation marks and citation omitted].)

Plaintiffs allege that defendants failed to make two disclosures: (1) that dLocal's quarterly take rates were on a significantly decline since 2Q20 and "(2) the take rates were likely to continue falling due to the increasing amount of TPV coming from Google and other major clients who used dLocal exclusively or primarily for local-to-local payments with extremely low margins."  (NYSCEF 51, AC ¶ 164.)  Plaintiffs further

---

[7] The court is aware that some federal courts have held that a plaintiff need not plead knowledge for an Item 105 violation.  (*See Panther v Jianpu Tech., Inc.*, 2020 US Dist LEXIS 177272, at *27.)  However, "[m]ost courts that have confronted this question have concluded that Item 105 does impose a knowledge requirement and, thus, the regulation requires disclosure of only risks known to the issuer."  (*Xiaomeng Lian v Tuya Inc.*, 2024 US Dist LEXIS 38360, at *24 [SDNY Mar. 5, 2024] [citations omitted] [detailing the courts, and in particular the Circuit courts, which have applied a knowledge requirement and holding that "majority view [is] consistent with the text of the regulation"].)  The court agrees with the SDNY's analysis of Item 105 in *Xiaomeng Lian* and applies the knowledge requirement here.  (*Id.* at *24-26.)

151778/2023  ZAPPIA, JOSEPH vs. DLOCAL LIMITED ET AL                    Page 12 of 15
Motion No.  002

12 of 15

Case 1:23-cv-07501-NGG-CHK Document 55 Filed 03/24/25 Page 15 of 17 PageID #: 962

allege that "these undisclosed facts were known to Defendants, as was the high likelihood (which later came to fruition) that they would have a material impact on the Company's take rates and overall financial results." (*Id.* ¶ 165.) This conclusory statement is insufficient to support a claim of actual knowledge by defendants of this trend and that it would materially impact dLocal's financial condition. Further, the more specific allegations that dLocal's management, specifically defendant Canay, regularly discussed the take rates all involve alleged discussions that occurred after the June 2, 2021 IPO, and thus, do not raise a plausible inference that defendants were aware of a decline in take rates prior to the IPO. (*See id.* ¶¶ 137-140; *McIntosh v Katapult Holdings, Inc.*, 2023 US Dist LEXIS 138589, at *24 [SDNY Aug. 8, 2023, No. 21-CV-7251 (JPO)] [finding plaintiffs cannot plausibly alleged that any defendant had actual knowledge of a trend at the time the Prospectus was issue based on remarks that one defendant made during a conference call three months after issuing the Prospectus].) It cannot be assumed that "defendants must have known because something did in fact occur later;" that is "simply inadequate pleading." (*In re Jumei Intl. Holding Ltd. Sec. Litig.*, 2017 US Dist LEXIS 3206, at *12 [SDNY Jan. 10, 2017, No. 14cv9826] [internal quotation marks and citations omitted].) Thus, the violation of the Securities Act based on omissions regarding the take rates is dismissed.

Finally, as plaintiffs' fails to state a claim pursuant to Section 11 of the Securities Act, "their control person liability claim pursuant to section 15 of the Securities Act ... must also fail for want of a primary violation." (*ECA & Local 134 IBEW Joint Pension Trust of Chicago v JP Morgan Chase Co.*, 553 F3d 187, 207 [2d Cir 2009] [citation

151778/2023 ZAPPIA, JOSEPH vs. DLOCAL LIMITED ET AL
Motion No. 002

Page 13 of 15

13 of 15

Case 1:23-cv-07501-NGG-CHK    Document 55    Filed 03/24/25    Page 16 of 17 PageID #: 963

omitted].)  Thus, the Section 15 claim against moving defendants Cogency Global Inc.

and and DeVries.[8]

Accordingly, it is,

ORDERED that the motion of defendants dLocal Limited, J.P. Morgan Securities

LLC, Goldman Sachs & Co. LLC, Citigroup Global Markets Inc., Morgan Stanley & Co.

LLC, BofA Securities, Inc., HSBC Securities (USA) Inc., UBS Securities, Cogency

Global Inc., and Colleen A. DeVries to dismiss the amended complaint is granted and

the amended complaint is dismissed in its entirety as against these defendants, with

costs and disbursements to these defendant as taxed by the Clerk of the Court, and the

Clerk is directed to enter judgment accordingly in favor of these defendants; and it is

further

ORDERED that the action is severed and continued against the remaining

defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all

future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving parties shall serve a copy of this order

with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's

Office, who are directed to mark the court's records to reflect the change in the caption

herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the

General Clerk's Office shall be made in accordance with the procedures set forth in the

---

[8] The court notes the same Section 15 claim against the Individual Defendants who have not moved for such relief.

151778/2023  ZAPPIA, JOSEPH vs. DLOCAL LIMITED ET AL
Motion No.  002
Page 14 of 15

14 of 15

Case 1:23-cv-07501-NGG-CHK    Document 55    Filed 03/24/25    Page 17 of 17 PageID #: 964

*Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases*

(accessible at the "E-Filing" page on the court's website)].

_____          _____
3/20/2025                         ANDREA MASLEY, J.S.C.
DATE

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

151778/2023   ZAPPIA, JOSEPH vs. DLOCAL LIMITED ET AL                Page 15 of 15
Motion No.  002

15 of 15