

April 14, 2025

**BY ECF**

The Honorable Nicholas G. Garaufis
United Stated District Court
Eastern District of New York
225 Cadman Plaza East, Room 1426 S
Brooklyn, NY 11201

Re: *Laurenzi v. dLocal Ltd., et al.*, No. 1:23-cv-07501-NGG-JRC (E.D.N.Y.)

Dear Judge Garaufis:

We represent Lead Plaintiff Paulette Laurenzi and Named Plaintiff Eduardo Aberle ("Plaintiffs") in the above-referenced Action and write this letter in response to Defendants' Letter of Supplemental Authority dated March 24, 2025 (ECF No. 55) ("Defs.' Letter"). Defendants' letter attaches a Decision and Order in the New York State Action (the "Order") dismissing the state court plaintiffs' claims for violations of Sections 11 and 15 of the Securities Act premised on their failure to disclose declining "take rates." Defendants incorrectly argue that the same logic applies here with respect to Plaintiffs' claims for violations of Section 11 of the Securities Act and Sections 10(b) and 20(a) of the Exchange Act premised on their failure to disclose declining "take rates." For the reasons that follow, Plaintiffs respectfully submit that the Court should decline to adopt the Order's logic.

The Order concludes that the state court plaintiffs' allegation that the "undisclosed facts were known to Defendants, as was the high likelihood (which later came to fruition) that they would have a material impact on the Company's take rates and overall financial results" was "conclusory" and "insufficient to support a claim of actual knowledge by defendants." Order at 13 of 15. In addition, the fact that defendant Canay discussed take rates *after* the IPO did not "raise a plausible inference that defendants were aware of a decline in take rates prior to the IPO." *Id.*

Here, the allegations in the Amended Class Action Complaint (ECF No. 28) (the "AC") (cited to as "¶_") are distinguishable and support the plausible inference that Defendants were aware of the Company's declining take rates. Unlike in the New York State Court Action, Plaintiffs emphasized that take rates were a "driver in influencing interest in the Company's common shares *both before* and after the IPO." ¶75 (emphasis added). Analysts highlighted the importance of take rates as a key metric *before* the IPO. *Id.* ("Susquehanna Financial Group highlighted take rates a key metric when stating that DLocal was 'uniquely positioned with attractive eservice and growth markets.'"). They continued to monitor the Company's take rates after the IPO. *Id.* Likewise, the



The Honorable Nicholas G. Garaufis
April 14, 2025
Page 2


Company regularly discussed its takes rates after the IPO. *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint ("Opp.") (ECF No. 50-14) at 11. For example, Canay publicly discussed the Company's take rates after the IPO during the Company's *first earnings call.* ¶96; Opp. at 19. Further, take rates are calculated based on two key metrics about which Defendants were certainly aware: total processing value (TPV), which measures how much business the Company is generating, and revenue. ¶¶43, 45, 90.

It defies logic to suggest that Defendants were unaware of the declining take rates *before* the IPO when take rates are a proxy for the Company's profit margin (¶44) and the Company's take rates were significant enough that i) analysts discussed and monitored take rates both before and after the IPO, ii) Canay spoke about take rates during the Company's *first* earnings call, and iii) the Company continued to publicly discuss take rates thereafter. Indeed, it would be "absurd to suggest that [dLocal's] senior management was unaware of" the decline in take rates under these circumstances. *In re Avon Sec. Litig.*, 2019 WL 6115349, at *20 (S.D.N.Y. Nov. 18, 2019). This is especially so given that Defendants have taken the position that the declining take rates were apparent to investors (ECF Nos. 50-1 at 2; 50-16 at 3-4) yet ask the Court to illogically conclude that they themselves were somehow not aware of it too.

Accordingly, drawing the inferences in Plaintiffs' favor, the AC supports that Defendants were, in fact, aware of the Company's declining take rates at all relevant times. *See United Indus. Workers Pension Plan v. Waste Mgmt., Inc.*, 2024 WL 1312593, at *7 (S.D.N.Y. Mar. 27, 2024) (complaint supported a cogent inference of scienter where defendant, *inter alia*, spoke at earnings calls about the issue); *In re CPI Card Grp. Inc. Sec. Litig.*, 2017 WL 4941597, at *4 (S.D.N.Y. Oct. 30, 2017) (discussions of decline in sales during earnings calls held five months after IPO supported a "plausible inference" of pre-IPO knowledge).

For the foregoing reasons, as well as the reasons articulated in Plaintiffs' Opposition to Defendants' Motion to Dismiss, Plaintiffs respectfully submit that the Order is unpersuasive, and request that the Court deny Defendants' motion in its entirety.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Murielle Steven Walsh*

Murielle Steven Walsh

Cc: All counsel of record

{00656096;10 }

